# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. 4:21-CR-069-ALM |
| | § | |
| LENNIE MELVIN ROAN, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Lennie Melvin Roan's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 13, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea, of the Federal Public Defender's Office. The Government was represented by Heather Rattan.

Defendant was sentenced on December 16, 2019, before The Honorable William Q. Hayes of the Southern District of California after pleading guilty to the offense of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II), Transportation of Certain Aliens and Aiding and Abetting, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 8 and a criminal history category of V, was 15 to 21 months. Defendant was subsequently sentenced to 15 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include no gang association, search conditions, and substance abuse testing and treatment. On August 14, 2020, Defendant completed his period of imprisonment and began

service of the supervision term. On March 25, 2021, jurisdiction of this case was transferred from the Southern District of California to the Eastern District of Texas.

On April 5, 2021, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2, Sealed]. The Petition asserts that Defendant violated three (3) conditions of supervision, as follows: (1) the defendant must not unlawfully possess a controlled substance; (2) the defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance; and (3) participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay [Dkt. 2 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On November 9, 2020, Defendant submitted a urine specimen at the United States Probation Office in Sherman, Texas, that tested positive for phencyclidine. The specimen was confirmed positive by the national testing laboratory; (2) On February 1, 2021, Defendant submitted a urine specimen that tested positive for methamphetamine, amphetamine, and marijuana. Additionally, the specimen was diluted. The specimen was confirmed positive by the national testing laboratory. On March 15, 2021, Defendant submitted a urine specimen that tested positive for methamphetamine and amphetamine. Additionally, the specimen was diluted. The specimen was confirmed positive by the national testing laboratory; and (3) On September 5, 2020; September 14, 2020; and October 15, 2020, Defendant failed to report to On Scene Drug Screens to submit a urine specimen, as instructed [Dkt. 2 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 3 of the Petition. The Government dismissed the remaining allegation. Having considered the Petition and the plea of true to allegation 3, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkt. 17].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of seven (7) months, with a term of supervised release of twenty-nine (29) months to follow.

The Court further recommends the imposition of the following special conditions: (1) You must report all vehicles owned or operated, or in which you have an interest, to the probation officer; (2) You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(l)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner; (3) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the

treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (4) You must reside in a Residential Reentry Center (RRC) or similar facility, in a prerelease component, for a period of up to 120 days and must follow the rules and regulations of that facility. Should you find a residence approved by the probation office prior to the 120 days, you shall be released; (5) You must not associate with any person who you know, or who a probation officer or other law enforcement officer informs you is a Valley Street criminal street gang member or any other known criminal street gang member or known participant in a criminal street gang, unless given permission by the probation officer; (6) You must not wear, display, use or possess any insignias, photographs, emblems, badges, buttons, caps, hats, jackets, shoes, flags, scarves, bandanas, shirts or other articles of clothing that are known to represent criminal street gang affiliation, association with or membership in the Valley Street criminal street gang or any other criminal street gang, unless given permission by the probation officer; (7) You must not display any known gang signs or gestures; and (8) You must participate in an inpatient treatment program for drug abuse, at the direction of the probation officer, and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility at FCI Forth Worth, if appropriate.

**SIGNED this 4th day of June, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE