IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:21-CR-69-ALM-CAN |
| | § | |
| LENNIE MELVIN ROAN (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Lennie Melvin Roan's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on October 14, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Assistant United States Will Tatum.

Defendant was sentenced on December 16, 2019, before The Honorable William Q. Hayes of the Southern District of California after pleading guilty to the offense of Title 8 U.S.C. § 1324(a)(l)(A)(ii) and (v)(II) - Transportation Of Certain Aliens and Aiding and Abetting, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 8 and a criminal history category of V, was 15 to 21 months. Defendant was subsequently sentenced to 15 months imprisonment, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include no gang affiliation and residential reentry placement. On August 14, 2020, Defendant completed his period of imprisonment and began service of the supervision term. On June 8, 2021, Defendant's term of supervised release was revoked and he was sentenced to

7 months imprisonment followed by a 29-month term of supervised release, subject to the standard conditions of release, plus special conditions to include no gang affiliation and inpatient treatment.

On June 2, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 22, Sealed]. The Petition asserts that Defendant violated six (6) conditions of supervision, as follows: (1) You must not unlawfully possess a controlled substance; (2) You must refrain from any unlawful use of a controlled substance; (3) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame; (4) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed; (5) You must follow the instructions of the probation officer related to the conditions of supervision; and (6) You must participate in an inpatient treatment program for drug abuse, at the direction of the probation officer, and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing [Dkt. 22 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) (2) Defendant submitted urine specimens on February 28, 2022, March 4, 2022, and March 9, 2022, that tested positive for Methamphetamine. The specimens were confirmed positive by Alere Toxicology Services; (3) Defendant was released from the Bureau of Prisons on December 6, 2021, and he failed to report to the United States Probation Office by December 9, 2021. He reported on December 16, 2021; (4) Defendant failed to submit a monthly report by the fifth of the month in

the following months: February 2022, March 2022, April 2022, and May 2022; (5) Defendant was instructed to attend inpatient treatment for at least 30 days. He failed to attend inpatient treatment as instructed; and (6) Defendant voluntarily left two different inpatient treatment facilities without completing the program and against the direction of the probation officer [Dkt. 22 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 1 of the Petition. The Government dismissed allegations 2 through 6 of the Petition. Having considered the Petition and the plea of true to allegation 1, the Court finds that Defendant did violate his conditions of supervised release. Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 32, 33].

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of eighteen (18) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 1st day of November, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE